**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

DEBBIE R. TIPLER                    )
                                    )
           Plaintiff,          )
                                    )
    v.                             )          No.  04-0696-CV-W-DW
                                    )
JOHN E. POTTER,                     )
POSTMASTER GENERAL,                 )
                                    )
           Defendant.          )

# ORDER

Plaintiff Debbie R. Tipler sues the Postal Service, her former employer, alleging race and disability discrimination, and illegal retaliation.  Now before the Court is the Postal Service's motion for summary judgment (Doc. 17).  In her response to the motion for summary judgment, Tipler concedes she cannot make a triable case of either race or disability discrimination.  Therefore, the Court grants summary judgment on those claims.  After carefully considering the law and undisputed facts, the Court also concludes that Tipler has not made a submissible case of illegal retaliation.

"Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 850 (8th Cir. 2005); Fed. R. Civ. P. 56(c).  "The burden of demonstrating that there are no genuine issues of material fact rests on the moving party." Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004).  However, the non-moving party must present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in her favor. Rodgers, 417 F.3d at 850.  The facts and inferences from those facts

are viewed in the light most favorable to the nonmoving party. See Horn v. Univ. of Minn., 362 F.3d 1042, 1045 (8th Cir. 2004). "While summary judgment should seldom be utilized in employment discrimination cases, there is no 'discrimination case exception' to the application of Fed. R. Civ. P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial." Rodgers, 417 F.3d at 850 (citations and internal quotations omitted).

Tipler's retaliation claim is analyzed under the burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). A plaintiff has the initial burden to make a prima face showing of retaliation. To meet her burden, the plaintiff must show: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a casual connection existed between the protected activity and the adverse employment action. See Cronquist v. City of Minneapolis, 237 F.3d 920, 929 (8th Cir. 2001). "Once a prima facie case is established, a rebuttable presumption shifts the burden to the employer to articulate a legitimate, nondiscriminatory reason for discharging the employee." Id. at 924. "If the employer articulates such a reason, the presumption disappears and the plaintiff bears the burden of proving that the employer's proffered reason is merely a pretext for discrimination." Id.

Tipler does not make a prima facie case because—on the undisputed facts—she did not engage in protected activity. She claims she was fired for reporting an "attack" by her supervisor, Kim Kemp-Robinson.[1] Tipler describes the incident and reporting in a handwritten document:

---

[1] Tipler makes little effort to develop the record in this case, or to craft a theory of retaliation to fit the facts. The Court does its best to discern the claim.

2

As I was walking into the hallway to Kim Kemp-Robinson's office where the gloves are Kim Kemp-Robinson came out, stopped in front of me and repeated for me to go work in the box section. I told her that I need some gloves. We both started into her office. She suddenly stopped in the doorway of her office, turned around startling me. I tried to walk around her but she stepped in my path. We were face to face. So close that with the step she took toward me her front section touched mine. I thought she was going to hit me. She looked at me angrily in a stern forced lower than usual tone told me to go to the box section and pushed me – not with her hands, with her upper front body. I immediately said "You pushed me." While at the same time I pushed her off me. Kim said that I pushed her. I walked over to the box of gloves. Kim followed me. I took some gloves out of the box. It looked like Kim was going to take the box from. I sat the box down, left her office, called my union steward's and Keith Coleman's (Postmaster Mary Greble's boss) office . . . to report her. The answering machines took my messages. . . . I went to my locker for my phone book to get Union Steward David O'Connor's cell number . . . . I left a message. I got [a telephone number] from a poster near the break room. I believe a Postal Inspector Dispatcher took my information between answering other calls.

Tipler argues the described telephone calls amount to protected activity. The Court disagrees. There is no evidence whatever that, in reporting the incident, Tipler alleged discrimination on the basis of race, sex, age, or disability. She claimed that she was assaulted, not that she was assaulted because of membership in a protected class. See Hunt v. Nebraska Pub. Power Dist., 282 F.3d 1021, 1028 (8th Cir. 2002) (protected activity can be either opposing an act of discrimination made unlawful by Title VII, or participating in an investigation under Title VII.).

Even if Tipler made a prima facie case of illegal retaliation, the Court would grant summary judgment. The Postal Service adequately states a nondisciminatory reason for terminating her. It articulates that she was removed from her position because Postmaster Mary Greble found that Tipler pushed a supervisor. In fact, it is *undisputed* that Tipler was fired

3

"*because Postmaster Mary Greble believed that Ms. Tipler pushed her supervisor* and this violated Postal Service regulations and policies." Based on the undisputed facts, no reasonable jury could find that the stated reason is a pretext for illegal retaliation, or that retaliation for protected activity was a motivating factor in the employment decision. Therefore, the Court hereby GRANTS the motion for summary judgment (Doc. 17).

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: May 1, 2006